IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARD DRIVE PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11 CV 8333 |
| | ) | |
| v. | ) | Hon. Charles R. Norgle |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Plaintiff Hard Drive Productions, Inc.'s ("Plaintiff") Motion for Leave to Take Expedited Discovery to Identify John Doe. For the following reasons, the motion is denied.

## I. BACKGROUND

In a previous action, Plaintiff, a producer of adult entertainment content, filed a complaint for copyright infringement and civil conspiracy against John Does 1-35. Hard Drive Prods., Inc. v. Does 1-35, No. 11 C 3866 (N.D. Ill. filed June 7, 2011) (Chang, J.). There, the court granted Plaintiff leave to subpoena various Internet Service Providers ("ISPs") to obtain the identifying information of individual account holders whose Internet Protocol ("IP") addresses were allegedly used to infringe on Plaintiff's copyrighted work over the Internet. Pursuant to the subpoenas, Jason Spain ("Spain") was identified as the account holder of IP address 71.239.212.148. On November 21, 2011, Plaintiff filed a notice of voluntarily dismissal without prejudice against the Doe defendant associated with the IP Address 71.239.212.148.

The same day, Plaintiff initiated this action against John Doe ("Doe Defendant"), the

account holder associated with the IP Address 71.239.212.148, for copyright infringement and civil conspiracy. Plaintiff alleges that Doe Defendant illegally reproduced and distributed its copyrighted video, "Amateur Allure: Paige," via BitTorrent file distribution method. After an unsuccessful attempt at early settlement, Plaintiff now moves *ex parte* for an Order "granting Plaintiff leave to conduct an initial four-hour deposition of the IP address account holder, Mr. Spain, to allow Plaintiff to discover the infringer's true identity." Pl.'s Mot. for Leave to Take Expedited Disc. to Identify John Doe 2 [hereinafter Pl.'s Mot. for Expedited Disc.].

## II. DISCUSSION

### A.    Standard of Decision

The Court has "wide discretion in managing the discovery process." Ibarra v. City of Chi., 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). Pursuant to Federal Rule of Civil Procedure 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). Additionally, under Rule 30, a party must obtain leave of court to take an expedited deposition (before the time specified in Rule 26(d)), unless the deponent is expected to leave the United States and be unavailable after that time. Id. at R. 30(a)(2)(A)(iii). Expedited discovery is "not the norm." Merrill Lynch Pierce, Fenner & Smith, Inc., 194 F.R.D. at 623.

A party seeking leave to conduct an expedited deposition has the burden to make a prima facie showing of the need for such early discovery. See id. Additionally, "courts must also protect defendants from unfair expedited discovery." Id. In other words, the movant must

2

establish "good cause." See Ibarra, 816 F. Supp. 2d at 554; see also Hard Drive Prods. Inc. v. John Doe, No. S-11-3074 KJM CKD, 2012 WL 90412, at *1 (E.D. Cal. Jan. 11, 2012) ("Courts apply a 'good cause' standard in considering motions to expedite discovery." (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002))). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Hard Drive Prods. Inc., 2012 WL 90412, at *1 (internal quotation marks and citation omitted). In deciding a motion for expedited discovery, the Court evaluates "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." Ibarra, 816 F. Supp. 2d at 554 (internal quotation marks and citation omitted).

**B.** ***Ex Parte* Discovery—Plaintiff's Request for an Expedited Deposition**

Plaintiff is no stranger to "John Doe" copyright infringement lawsuits and the common litigation tactics employed therein. Such tactics include: (1) suing anywhere from one to thousands of Doe defendants for copyright infringement in one action; (2) seeking leave to take expedited discovery; (3) obtaining the identities of the IP subscribers pursuant to expedited discovery; and (4) serving the identified account holders with settlement demands. Pacific Century Int'l, Ltd. v. Does 1-37, Nos. 12 C 1057, 12 C 1080, 12 C 1083, 12 C 1085, 12 C 1086, 12 C 1088, 2012 WL 1072312, at *3 (N.D. Ill. Mar. 30, 2012) (citing MCGIP, LLC v. Doe, No. 11 C 2331, 2011 WL 4352110, at *4 n.5 (N.D. Cal. Sept.16, 2011)). Mass copyright infringement cases "have emerged as a strong tool for leveraging settlements" because identified account holders "often embarrassed about the prospect of being named in a suit involving pornographic movies, settle." Id. (internal quotation marks and citation omitted).

3

Plaintiff utilized these tactics, for example, in its previous action before Judge Chang. Hard Drive Prods. Inc., No. 11 C 3866. Plaintiff identified each Doe defendant by a unique IP address, which corresponded to a particular defendant on the date and time of that defendant's alleged infringing activity. Plaintiff was granted leave to serve limited discovery subpoenas on various ISPs to determine the identities of the Doe defendants. Pursuant to the subpoenas, Spain was identified as one of the account holders (IP Address 71.239.212.148). Counsel for Plaintiff reported that ten of the Doe defendants were identified and that Plaintiff settled with seven of the identified Doe defendants. Spain, however, was not among those putative defendants that reached a settlement agreement. Rather than amend the complaint to name Spain as a defendant, Plaintiff dismissed without prejudice all causes of action in the complaint against the Doe defendant associated with the IP Address 71.239.212.148. The same day, Plaintiff refiled its suit against Doe Defendant associated with the IP Address 71.239.212.148 in this Court.

Plaintiff now argues that the expedited discovery it obtained in the previous action was insufficient. Plaintiff seeks the Court's permission to issue a deposition subpoena directed to non-party Spain so that it can "identify the true infringer." Pl.'s Mot. for Expedited Disc. 7. Plaintiff notes that "[w]hile it is common for an account holder to also be an infringer, it is also possible for the account holder and the infringer to be separate persons." Id. at 6 n.2. As such, Plaintiff claims that it cannot proceed without an expedited deposition. This argument is disingenuous and completely unsupportable. Plaintiff need not have conclusive evidentiary support for its case in order to name and serve a defendant. If Plaintiff has a good faith basis for its claims, it can name Spain as a defendant and serve him with process. See Fed. R. Civ. P. 11(b)(2)-(3) (requiring, among other things, that an unrepresented party or attorney certify "to the

4

best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances" that a complaint is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"); see also Hard Drive Prods. Inc., 2012 WL 90412, at *2. Contrary to Plaintiff's assertion, it can proceed with this lawsuit without early discovery.

According to Plaintiff, the four-hour deposition it requests is the "least intrusive, least costly (for the account holder), most effective and most reasonable way for Plaintiff to potentially identify the infringer in this case." Pl.'s Mot. for Expedited Disc. 2. Plaintiff argues, *inter alia*, that in past cases in which its counsel has been involved, expedited deposition discovery has "worked out" for both Plaintiff and the putative defendants. Id. at 10. Plaintiff points to a magistrate judge's ruling in Hard Drive Productions Inc. v. Does 1-188, No. C-11-01566 JCS (N.D. Cal. filed Mar. 31, 2011), which authorized the same deposition discovery requested by Plaintiff here. After the deposition in that case, the parties settled. Plaintiff asserts that "[t]his easy 4-hour deposition allowed the parties to derail a potential litigation disaster in that court." Pl.'s Mot. for Expedited Disc. 10. That may be so, but Plaintiff has not demonstrated good cause to deviate from the normal course of litigation by ordering one-sided discovery against a putative defendant. See St. Louis Grp., Inc. v. Metals & Additives Corp., 275 F.R.D. 236, 242 (S.D. Tex. 2011) ("While depositions 'sooner than later' may help in a 'speedy' resolution, that reason alone does not constitute good cause. If it did, then expedited discovery would be the norm instead of the exception, and there would be no substantive purpose for Federal Rule 26(d)(1).").

Indeed, in an analogous case brought by Plaintiff against a Doe defendant in the United States District Court for the Eastern District of California, the court denied Plaintiff's request for an expedited deposition, where, as here, the plaintiff had already discovered the name and contact information fo the account holder of the IP address involved in the alleged infringement. Hard Drive Prods. Inc., 2012 WL 90412, at *2-3. The court held that good cause did not exist for the broad and prejudicial expedited discovery requested. Id. at *3. The court determined that absent expedited discovery, Plaintiff could name the identified account holder as a defendant, hold the Rule 26(f) conference, and conduct any discovery necessary to pursue its claims. Id. at *2-3. Further, the court found that even if the need for expedited discovery was established, it was outweighed by the "significant potential prejudice to the responding party." Id. at *2. The court noted that Plaintiff's request to depose the identified account holder "goes far beyond seeking to identify a Doe defendant." Id. at *3. Rather, the court concluded that the request "amounts to a full-on deposition" during which the identified account holder, "likely not represented by counsel, may unwarily incriminate himself on the record before he has even been named as a defendant and served with process." Id. (citation and footnote omitted)

Plaintiff's litigation tactic here is the same. It seeks unnecessary, broad, and prejudicial early discovery. Plaintiff claims that during the four-hour expedited deposition it "intends to elicit facts about Mr. Spain's involvement, if any, with the unauthorized distribution of Plaintiff's video(s) via Mr. Spain [sic] IP address; to learn about Mr. Spain [sic] computers and network setup; to assess Mr. Spain's computer knowledge; and to identify any other persons who had access to Mr. Spain [sic] computer and network." Pl.'s Mot. for Expedited Disc. 8. Plaintiff seeks an open-ended, one-sided, "full-on deposition" of a putative defendant which could result

6

in significant prejudice to Spain. See Hard Drive Prods. Inc., 2012 WL 90412, at *3. Moreover, as Plaintiff concedes, the early discovery it seeks may lead only to further requests for expedited discovery in order for it to "ultimately identify the infringer in this case." Pl.'s Mot. for Expedited Disc. 8. Simply put, Plaintiff has not met its burden to establish good cause for an expedited deposition. The Court rejects Plaintiff's attempt to litigate its case prior to naming and serving a defendant.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for an expedited deposition is denied.

IT IS SO ORDERED.

ENTER:

_____

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: June 26, 2012

7